UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

WEYERHAEUSER COMPANY, a Washington corporation,

Plaintiff,

v.

CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation; and MARINE OFFICE OF AMERICA CORPORATION, a New York corporation,

Defendants.

NO.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

JURY DEMAND

Plaintiff Weyerhaeuser Company ("Weyerhaeuser") alleges as follows:

## I. INTRODUCTION

1.1 **Summary.** This is an insurance-coverage action concerning costs incurred by Weyerhaeuser in connection with various third-party liability actions seeking damages for bodily injury resulting from alleged exposure to asbestos. The asbestos bodily injury claims arose out of the former shipping operations of Weyerhaeuser Company and its former subsidiary Weyerhaeuser Steamship Company. Defendants Continental Insurance Company, Marine Office of America Corporation, or both (collectively hereinafter "MOAC") issued protection and



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

indemnity ("P&I") insurance policies to Weyerhaeuser and/or Weyerhaeuser Steamship Company as the named insured during at least the period from 1941-70. Despite having timely notice of certain underlying asbestos lawsuits for nearly four years, MOAC has yet to substantively respond to the claims, make a coverage determination, or pay any insurance benefits. MOAC's conduct is in breach of its contractual obligations and its duties of good faith and fair dealing.

1.2 **Remedies Sought.** Weyerhaeuser seeks:

1.2.1 A declaration of the rights, duties, and liabilities of the parties under the P&I policies issued by MOAC with respect to costs and fees incurred by Weyerhaeuser in asbestos bodily injury claims arising out of the operations of Weyerhaeuser Steamship Company.

1.2.2 Damages, including its attorneys' fees, for breach of MOAC's contractual obligations.

1.2.3 Damages, including its attorneys' fees, for breach of MOAC's duties of good faith and fair dealing.

1.2.4 Damages, including attorneys' fees and enhanced damages, for violation of all applicable consumer protection statutes.

1.2.5 Prejudgment interest running from the date of Weyerhaeuser's tender.

## II. THE PARTIES

2.1 **Plaintiff.** Weyerhaeuser Company is a corporation organized under the laws of the State of Washington, with its principal place of business in Federal Way, Washington. Weyerhaeuser is principally engaged in the growing and harvesting of timber and the manufacture, distribution, and sale of forest products. Weyerhaeuser is the successor, by merger, to Weyerhaeuser Steamship Company.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

2.2 **Defendants.**

2.2.1 Continental Insurance Company is an insurance company and corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Chicago, Illinois. At all times relevant hereto, Continental was authorized to do business, and was doing business, in the State of Washington.

2.2.2 Marine Office of America Corporation is a marine insurance company and corporation organized, upon information and belief, under the laws of the State of New York, with its principal place of business in New York, New York. At all times relevant hereto, Marine Office of America Corporation was doing business in the State of Washington.

## III. JURISDICTION AND VENUE

3.1 **Subject Matter Jurisdiction.** This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

3.2 **Personal Jurisdiction.** This Court has personal jurisdiction over all parties.

3.3 **Venue.** Venue in this Court is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## IV. FACTS

4.1 **The Policies**. Weyerhaeuser purchased from MOAC a series of P&I policies, on an annual basis from no later than 1941 through no earlier than 1970, hereinafter called the "Policies." The Policies include all P&I policies issued by defendants to Weyerhaeuser Company or Weyerhaeuser Steamship Company as the named insured.

4.2 **Duty to Defend.** The Policies obligate MOAC to pay on behalf of Weyerhaeuser all costs of investigating and/or defending any claim or suit against asserting a liability which, if established, would fall within the indemnity coverage of the Policies.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

4.3 **Duty to Indemnify.** The Policies obligate MOAC to pay on behalf of Weyerhaeuser all damages, in the form of judgments or settlements, incurred in connection with any claim or suit for personal injury in connection with or in respect of a vessel that appears in the Schedule(s) of the various Policies.

4.4 **The Underlying Claims.**

4.4.1 Approximately 130 lawsuits are currently pending against Weyerhaeuser in which the plaintiff alleges bodily injury as the result of exposure to asbestos on or emanating from a vessel operated by, and/or cargo associated with, Weyerhaeuser during the periods of the Policies. All such claims allege exposure in connection with one or more vessels that are scheduled under the subject Policies.

4.4.2 Weyerhaeuser anticipates it will be named as a defendant in future asbestos bodily injury claims arising out of alleged employment in and around Weyerhaeuser's former shipping operations.

4.4.3 The underlying liability claims described in Paragraphs 4.4.1 and 4.4.2 are collectively referred to hereinafter as the "Underlying Claims."

4.5 **Notice.** Weyerhaeuser timely notified MOAC of the Underlying Claims.

4.6 **MOAC's History of Paying Identical Claims Under the Policies.** From the 1980s until the mid-2000s, MOAC routinely and without dispute paid defense costs and settlement amounts incurred by Weyerhaeuser in asbestos bodily injury claims that are materially identical to the Underlying Claims. In the course of handling those claims, MOAC acknowledged the issuance and material terms and conditions of the Policies.

4.7 **MOAC's Refusal to Respond to Certain of the Underlying Claims.** Despite MOAC's history of paying materially identical asbestos bodily injury claims under the Policies



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

in previous years, since at least 2009 MOAC has failed to respond to Weyerhaeuser's claims under the Policies. Weyerhaeuser requested reimbursement for a particular Underlying Claim, styled *Schwab v. Asbestos Defendants, et al.* (Case No. 452362, Cal. Super. Ct., San Francisco County), on June 8, 2009. When no response was received, Weyerhaeuser resubmitted the request in December 2011. No response was received. MOAC has failed and refused to respond to multiple other communications from Weyerhaeuser concerning other Underlying Claims, including submissions dated February 14, 2012, October 26, 2012, December 6, 2012, and February 1, 2013, which referenced the additional claims of *John Madrid v. Alfa Laval, Inc., et al.* (Case No. BD462851, Cal. Super. Ct., Los Angeles County), *George Player v. Asbestos Defendants* (No. CGC-08-274672, San Francisco County), and *Vincent Assalone v. Bell & Gossett Co.* (Case No. 190144-11, NY Supreme Court, New York County). MOAC has never substantively responded to any of the listed communications.

4.8 **Policy Conditions**. All conditions precedent and subsequent imposed on Weyerhaeuser under the Policies have been satisfied or excused.

## V. FIRST CLAIM: DECLARATORY JUDGMENT

5.1 **Incorporation by Reference**. Weyerhaeuser incorporates the allegations of paragraphs 1.1 through 4.8 above as if fully set forth herein.

5.2 **Breach of Contract.** MOAC has breached the terms of the Policies by refusing to defend and indemnify Weyerhaeuser against the Underlying Claims.

5.3 **Actual Controversy.** An actual controversy of a justiciable nature presently exists between Weyerhaeuser and MOAC regarding the rights and obligations of the parties with respect to the Underlying Claims. The issuance of declaratory relief by this Court will terminate the existing controversy between the parties.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## VI. SECOND CLAIM: BREACH OF CONTRACT

6.1 **Incorporation by Reference.** Weyerhaeuser incorporates the allegations of paragraphs 1.1 through 5.3 above as if fully set forth herein.

6.2 **Breach of Contract.** MOAC has breached the terms of the Policies by refusing to defend and indemnify Weyerhaeuser against the Underlying Claims.

6.3 **Damages**. As a direct and proximate result of MOAC's breach, Weyerhaeuser has been deprived of the benefits of its insurance coverage. It has incurred and is entitled to recover compensatory damages in the form of, among other things, the costs of defending against the Underlying Claims and any settlement or judgment liability incurred in connection with such claims. It has also been forced to incur attorneys' fees and other expenses to assert its coverage claim and prosecute this action.

## VII. THIRD CLAIM: INSURANCE BAD FAITH

7.1 **Incorporation by Reference**. The allegations of paragraphs 1.1 through 6.3 are incorporated by reference, as if fully set forth herein.

7.2 **Bad Faith**. MOAC owes Weyerhaeuser implied duties of good faith and fair dealing. MOAC breached its implied duties of good faith and fair dealing, including by:

7.2.1 Failing to conduct a reasonable investigation of Weyerhaeuser's claims;

7.2.2 Failing to reasonably apply the underlying allegations to the terms of the Policies;

7.2.3 Unreasonably delaying its coverage investigation and determination;

7.2.4 Unreasonably delaying in communicating a coverage determination to Weyerhaeuser; and



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

7.2.5 Unreasonably failing to defend and indemnify Weyerhaeuser against the Underlying Claims.

7.3 **Damages**. As a direct and proximate result of MOAC's breach of the duties of good faith and fair dealing, Weyerhaeuser has suffered damages in an amount to be determined at trial. Such damages include, but are not limited to, the attorneys' fees and costs incurred by Weyerhaeuser in asserting this coverage claim and prosecuting this action.

## VIII. FOURTH CLAIM: VIOLATION OF CONSUMER PROTECTION ACTS

8.1 **Incorporation by Reference**. The allegations of paragraphs 1.1 through 7.3 are incorporated by reference as if fully set forth herein.

8.2 **MOAC's Inadequate Claim-Handling and Unreasonable Denial of Coverage.** In the course of handling Weyerhaeuser's claim for coverage of the Underlying Claims, MOAC failed to conduct a prompt, thorough, impartial, and competent loss investigation. Further, MOAC wrongly and unreasonably failed to defend and indemnify Weyerhaeuser. MOAC's actions placed its own financial interests ahead of those of its insured.

8.3 **Unfair Claims Practices; Bad Faith.** MOAC's handling of the Underlying Claims, including failure to investigate properly and failure to pay Weyerhaeuser's defense costs and indemnify expenses, is an unfair claims-settlement practice as defined in all applicable unfair claims-handling practices regulations, including but not limited to the California Fair Claims Settlement Practice Regulations, 10 Cal. C. Regs. §§ 2695.1 – 2695.14, and the Washington Unfair Claims Handling Practices Regulations, WAC §§ 284-30-300 – 284-30-940. Such conduct violates various state consumer protection statutes, including but not limited to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and the Washington State Consumer Protection Act, RCW 19.86 *et seq.*



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

8.4 **Damages.** Weyerhaeuser is entitled to recover damages from MOAC, including treble damages, and an award of its attorneys' fees and costs incurred in prosecuting this action.

## IX. PRAYER FOR RELIEF

WHEREFORE, Weyerhaeuser prays for the following relief:

9.1 **Declaratory Judgment.** For a judgment declaring that MOAC:

9.1.1 Is liable for all defense and indemnity expenses, incurred and to be incurred, associated with the Underlying Claims, including those claims specifically identified herein and any and all other past, pending, or future claims seeking damages for bodily injury arising out of alleged exposure to asbestos during Weyerhaeuser's former shipping operations, including those of the former Weyerhaeuser Steamship Company;

9.1.2 Breached the terms of the Policy;

9.1.3 Violated its duties of good faith and fair dealing; and

9.1.4 Violated the applicable consumer protection statutes.

9.2 **Damages—Breach of Contract.** For damages, in an amount to be proved at trial, together with prejudgment and post-judgment interest, as to all costs incurred in connection with defending against, and any judgments or settlements in, the Underlying Claims through the time of trial in this matter.

9.3 **Damages—Insurance Bad Faith.** For damages, in an amount to be proved at trial, together with prejudgment and post-judgment interest, for MOAC's breach of the duties of good faith and fair dealing.

9.4 **Damages—Violation of the Consumer Protection Acts.** For damages, in an amount to be proved at trial, together with prejudgment and post-judgment interest, for MOAC's violation of all applicable consumer protection statutes.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

9.5 **Attorneys' Fees and Costs of Suit.** For reasonable attorneys' fees and costs, including, without limitation, actual attorneys' fees.

9.6 **Other Relief.** For such further relief as the Court deems just and proper.

## X. JURY DEMAND

Plaintiff Weyerhaeuser demands a jury for all issues so triable.

DATED this 11th day of March, 2013.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff Weyerhaeuser Company

By *s/Franklin D. Cordell*
Franklin D. Cordell, WSBA #26392
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: fcordell@gordontilden.com

DATED this 11th day of March, 2013.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff Weyerhaeuser Company

By *s/Susannah C. Carr*
Susannah C. Carr, WSBA #38475
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: scarr@gordontilden.com